## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 21-21805-CV-GAYLES/TORRES

DENIA LUISA ALVAREZ,

        Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of
the Social Security Administration,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the parties' cross motions for summary judgment filed by Denia Luisa Alvarez ("Plaintiff"), [D.E. 13], and Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), [D.E. 17].[1]  Notwithstanding the limited standard of review that governs this case, Plaintiff's motion for summary judgment [D.E. 13] should be **GRANTED**, Defendant's motion for summary judgment [D.E. 17] should be **DENIED**, and the decision of the Administrative Law Judge ("ALJ") should be **REMANDED**.

---

[1]    On May 12, 2021, the Honorable Darrin P. Gayles referred all dispositive matters in this case to the undersigned Magistrate Judge for a Report and Recommendation.  [D.E. 2].

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2020, Plaintiff applied for disability insurance benefits, alleging a disability onset date of December 1, 2019. The Commissioner denied Plaintiff's applications at the initial and reconsideration levels.  Plaintiff then requested a hearing before an ALJ, which took place on November 24, 2020.  After considering the record and the testimony of a vocational expert ("VE"), ALJ Tracey Leibowitz issued an unfavorable decision on December 14, 2020.

At step one of the five-step sequential process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2019.  The ALJ found at step two that Plaintiff had the severe impairment of a spine disorder.  The ALJ then determined at step three that her severe impairment did not meet any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to moving to step four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform:

> [S]edentary work as defined in 20 CFR 404.1567(a) except she can occasionally climb ramps and stairs. The claimant can never climb ladders, ropes or scaffolds. She can occasionally balance, stoop and kneel. The claimant can never crouch and never crawl. The claimant can change positions at will with no time off task.

[D.E. 12 at 30].  The ALJ then proceeded to step four and determined that Plaintiff could perform her past relevant work as a bookkeeper.   Accordingly, the ALJ held that Plaintiff had not been under a disability, as defined in the Social Security Act, since February 1, 2019, through the date of her decision.

On March 29, 2021, the Appeals Council denied Plaintiff's request to review the ALJ's decision. Plaintiff then filed this action seeking judicial review of the administrative proceedings pursuant to 42 U.S.C. § 405(g). Accordingly, this action is now ripe for disposition.

## II.   STANDARD OF REVIEW

Judicial review of an ALJ's final decision is limited to an inquiry into whether there is substantial evidence in the record to support the ALJ's findings, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kelley v. Apfel*, 185 F.3d 1211, 1212 (11th Cir. 1999). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing *Richardson*, 402 U.S. at 401); *see also Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).

In testing for substantial evidence, a court is not to "reweigh the evidence" or "decide the facts anew." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citing another case). Instead, so long as an ALJ's findings are supported by substantial evidence, a court must defer to the ALJ's decision even if the evidence may preponderate against it. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004); *see also Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."); *Miles*, 84 F.3d at 1400;

3

42 U.S.C. § 405(g). However, no presumption of validity attaches to the Commissioner's conclusions of law. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). A court also reviews an ALJ's decision to determine whether the correct legal standards were applied. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). In this respect, "the ALJ has a basic obligation to develop a full and fair record," as a hearing before an ALJ is not an adversary proceeding. *Id.* (citing another source).

Ultimately, it is the function of the Commissioner to resolve conflicts in the evidence and to assess the credibility of the witnesses. *See Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). It is also the responsibility of the Commissioner to draw inferences from the evidence, and those inferences cannot be overturned if they are supported by substantial evidence. *See Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, a court's responsibility is to ensure that the proper legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

### III.   *ANALYSIS OF DISABILITY DETERMINATION*

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of producing evidence that proves her or she meets this statutory definition. "The social security regulations establish a five-step evaluation process, which is used to determine disability for both SSI and DIB claims" and

4

"[t]hese regulations place[] a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Spencer v. Heckler,* 765 F.2d 1090, 1093 (11th Cir. 1985)). The steps are followed in order to determine if the claimant is disabled.

An ALJ must first determine whether the claimant is presently employed. If so, a finding of non-disability is made, and the inquiry ends. *See* 20 C.F.R. § 404.1520(b). In the second step, an ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If an ALJ does not make such a finding, then the inquiry ends. *See id.* at § 404.1520(c). At step three, an ALJ compares the claimant's impairments with specific impairments under the regulations that require a finding of disability without further inquiry into the claimant's ability to perform other work. *See Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985) ("Certain impairments are so severe either when considered alone or in conjunction with other impairments that, if such impairments are proved, the regulations require a finding of disability without further inquiry into the claimant's ability to work."). If the claimant's impairment meets or equals a listed impairment, the claimant's disability is presumed, and benefits are awarded. *See* 20 C.F.R. § 404.1520(d).

Step four involves a determination of whether the impairments prevent the claimant from performing past relevant work. If the claimant cannot perform past relevant work, then a prima facie case of disability is established. An ALJ assesses

a claimant's RFC prior to this stage, based on the other relevant evidence, to determine the extent of a claimant's ability to work despite the alleged impairments. *See id.* at § 416.945(a)(1). A claimant's RFC is an administrative finding of fact concerning the claimant's maximum remaining capacity to perform work-related physical and mental activities on a regular and continuing basis despite the functional limitations and environmental restrictions imposed by his or her medically determinable impairment(s).

When making this finding, an ALJ is required to identify the limitations and/or restrictions imposed by the claimant's impairments and then assess his or her work-related abilities on a function-by-function basis. Only upon the conclusion of this function-by-function analysis may an ALJ express the claimant's RFC in terms of the exertional levels of work (i.e., sedentary, light, medium, heavy, and very heavy).

This leads to step five – the final inquiry – where the burden shifts to the Commissioner to show that there is other work available in the national economy that the claimant can perform based on the claimant's RFC, work experience, education, and age. *See id.* at § 404.1520(e)-(f).

On appeal, Plaintiff primarily argues that the ALJ's decision must be remanded because the ALJ's finding that Plaintiff's RFC would permit her to return to her past relevant work as a bookkeeper was not based on substantial evidence. Plaintiff's position is well founded.

To reiterate, the ALJ found that Plaintiff has a severe impairment of the spine. The ALJ found that Plaintiff was therefore limited to "sedentary work" that provided

her the opportunity to "change positions" between sitting and standing "at will with no time off task." [D.E. 12 at 30]. At Plaintiff's hearing, the ALJ posed a hypothetical to the VE involving this limitation of changing position "at will with no time off task" and the VE agreed that, with that limitation, Plaintiff could perform her past relevant work as a bookkeeper. *Id.* at 61.

Plaintiff's counsel subsequently elaborated on this hypothetical, however, and so the VE was asked to assume that, if Plaintiff were to alternate between sitting and standing at will, such alternation would result in Plaintiff being seated for half of the day and standing for the other half. *Id.* at 63. In response to this hypothetical, the VE conceded that Plaintiff could *not* perform the work of a bookkeeper because, without an accommodation from her employer, she could not stand for half of the day and remain entirely on task during that time. *See id.* at 64-65 (noting that some work obligations, like filing paperwork, could be performed while standing, but that the "input and calculating of data" would require her to be seated). Notably, however, the ALJ disregarded this portion of the VE's testimony when issuing her unfavorable decision. That ruling warrants remand.

Social Security Ruling 96-9P states that when there is a need for a claimant to be able to alternate between sitting and standing, the occupational base is necessarily eroded and the RFC assessment "must be specific as to the frequency" of the claimant's need to alternate between sitting and standing. *Hernandez-Cruz v. Comm'r of Soc. Sec.*, No. 16-cv-1370, 2017 WL 1460433, at *2 (M.D. Fla. Feb. 15, 2017) (quoting SSR 96-9P and remanding where an RFC determination allowed the

claimant to alternate between sitting and standing on an "as needed" basis); *see also Harris v. Astrue*, No. 08-cv-280, 2009 WL 1151740, at *9-10 (N.D. Fla. Apr. 27, 2009) ("It is unknown on this record how often Plaintiff would 'need' to sit or to stand, and whether with that 'need,' the jobs of surveillance monitor and cashier could be performed by Plaintiff."); *Williams v. Comm'r of Soc. Sec.*, No. 16-cv-11-FTM-MRM, 2017 WL 711241, at *6 (M.D. Fla. Feb. 23, 2017) ("[T]he ALJ's lack of specificity is problematic in this instance."). But the ALJ's RFC finding in this case was not "specific" as to the "frequency" with which Plaintiff would need to alternate between sitting and standing. By contrast, Plaintiff's RFC permits her to change position as frequently as she needs, which is an ambiguous and variable frequency, so long as she can remain on task.

This RFC finding has problematic implications for the ALJ's step four finding. When determining that Plaintiff could return to her past relevant work as a bookkeeper despite the limitations in Plaintiff's RFC, the ALJ appears to have improperly assumed that Plaintiff's employer would grant her some sort of accommodation (e.g., an adjustable standing desk) that would permit her to remain on task despite her need to alternate between sitting and standing. That assumption is contrary to settled law, yet it is the only explanation for the ALJ's finding given the existing record. *See, e.g., Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999) ("[W]hen the SSA determines whether an individual is disabled for SSDI purposes, it does *not* take the possibility of 'reasonable accommodation' into account, nor need an applicant refer to the possibility of reasonable accommodation when she

applies for SSDI.") (emphasis in original); [D.E. 12 at 63] (testimony from the VE acknowledging that an employer-provided accommodation does not factor into the VE's analysis of one's ability to remain on task while standing). Accordingly, the hypotheticals posed to the VE by the ALJ were deficient because the ALJ failed to specify the frequency of Plaintiff's position changes. *See Harris*, 2009 WL 1151740, at *9-10.

We thus have no choice but to conclude that the ALJ's finding that Plaintiff could return to her past relevant work as a bookkeeper is not based on substantial evidence because this finding relies upon flawed testimony from the VE, which also happens to be directly contradicted by the VE's subsequent testimony. *See Faison v. Astrue,* No. CIV.A. 6:10-2375-RMG, 2011 WL 6942935, at *13 (D.S.C. Dec. 9, 2011) (case remanded because ALJ did not incorporate plaintiff's need for frequent change in position in her hypothetical question to the vocational expert, nor state her reasons for not doing so, and she did not question the expert regarding the implications of such limitation), *report and recommendation adopted,* No. CIV.A. 6-10-2375-RMG, 2012 WL 27502 (D.S.C. Jan. 4, 2012). As our court has found in a similar case, an ALJ's RFC finding lacks substantial evidence when the record demonstrably shows that a return to work is functionally not possible without substantial accommodations from an employer. *See Kalina v. Saul*, No. 19-81117-CIV, 2020 WL 13401904, at *11 (S.D. Fla. Nov. 2, 2020) (remanding RFC finding for plaintiff who would have required generous accommodations from the employer following *Cleveland*) (citing *Norman N. v. Comm'r Soc. Sec.*, No. 3:18-CV-00162-YY, 2019 WL 1331735, at *5 (D. Or. Mar. 25,

2019) ("the court fails to see how plaintiff's inability to satisfactorily perform a highly-accommodating, part-time job indicates plaintiff could sustain full-time employment")); *see also Morsea v. Berryhill*, 725 F. App'x 463, 466 (9th Cir. 2018) (remanding ALJ's severity finding at step two in the face of VE testimony that plaintiff required employer accommodations to return to past relevant work).

On remand, the ALJ should specifically identify how frequently Plaintiff needs to change positions between sitting and standing prior to assessing whether Plaintiff's past relevant work as a bookkeeper can be performed in light of that specifically defined RFC limitation. We thus cannot affirm the ALJ's present finding given the record presented.

## IV.   CONCLUSION

Substantial evidence does not support the ALJ's findings as noted in her unfavorable decision. For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's motion for summary judgment [D.E. 18] be **GRANTED**, that Defendant's motion for summary judgment [D.E. 23] be **DENIED**, and that the decision of the Commissioner be **REMANDED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have seven (7) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal

conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g.,*
*Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc.*
*Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida, this 6th day of
September, 2022.

                                 */s/ Edwin G. Torres*
                                 EDWIN G. TORRES
                                 United States Magistrate Judge